# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>JOSEPH R. NERONHA and<br>MARIA A. NERONHA,<br><br>    Debtors<br>_____<br><br>MICAELA BURKE,<br><br>    Plaintiff<br><br>v.<br><br>JOSEPH R. NERONHA and<br>MARIA A. NERONHA,<br><br>    Defendants | Chapter 7<br>Case No. 04-10219-RS<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 04-1114 |

## MEMORANDUM OF DECISION AND ORDER ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND ON DEFENDANTS' MOTION TO DISMISS

By her complaint in this adversary proceeding, the Plaintiff, Micaela Burke, seeks a determination that the liability of Defendant and Debtor Joseph Neronha to her for sexual harassment, as adjudicated by the Massachusetts Commission Against Discrimination ("MCAD"), is excepted from discharge under 11 U.S.C. § 523(a)(6) as liability for a debt for willful and malicious injury. The adversary proceeding is before the Court on the Plaintiff's Motion for Summary Judgment, by which she seeks summary judgment entirely by collateral estoppel. She argues that the findings, rulings, and final and binding order of the MCAD have preclusive effect here as to all the necessary elements of her cause of action under §523(a)(6). The Debtor opposes the motion and has filed a cross motion to dismiss the adversary proceeding for failure to state a claim on which relief can be granted, which motion to dismiss is also before

the court at this time. After a hearing on both motions, the Court took the matters under advisement.

The Court will address first the motion to dismiss. A motion to dismiss for failure to state a claim on which relief can be granted tests only the sufficiency of the complaint, not the proof. The Court may dismiss only if Plaintiff can prove no facts in support of her averments that would permit a granting of relief. There is no doubt here that the complaint does state a claim against Debtor Joseph Neronha on which relief can be granted. The Debtors arguments in support of dismissal are based entirely to the substance of findings made by the MCAD, which findings may or may not be admissible or otherwise useful in this proceeding. But whether they are useful or not, they go to proof and not to the sufficiency of the pleadings to state a claim. Therefore, dismissal must be denied as to Joseph Neronha.

The complaint also names Maria A. Neronha as a defendant but it states no allegations whatsoever against her. And, though it recites that Plaintiff is a creditor of Joseph Neronha, it does not state that she is a creditor of Maria Neronha. The complaint thus fails not only to allege facts on the basis of which the court could determine that a debt of Maria is excepted from discharge. It fails to allege even that Maria owes a debt. The Court concludes that the complaint fails to state a claim against Maria Neronha and therefore will allow the motion to dismiss as to her.[1]

The Court turns now to the Plaintiff's Motion for Summary Judgment. The Plaintiff seeks summary judgment entirely on the strength of the issue preclusive effect of the findings,

---

[1] She appears to have been included as a defendant only because she is a joint debtor in this case.

rulings, and order of the MCAD in this matter.[2] The parties' arguments focus on whether the rulings of the MCAD establish the necessary elements of § 523(a)(6). The Plaintiff must show that the Debtor injured her or her property and that the injury was both "willful" and "malicious." "Willfulness" requires a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "Malicious" requires the injury to have been "wrongful," "without just cause or excuse," and "committed in conscious disregard of one's duties." *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997). Malice thus has both objective and subjective elements: the injury must have been objectively wrongful or lacking in just cause or excuse; and the debtor must have inflicted the injury in "conscious disregard" of her duties, meaning that she has to have been *aware* that the act was wrongful or lacking in just cause or excuse.

For the following reasons, I conclude that the decision of the MCAD does not establish these necessary elements.[3] First, the MCAD appears to have awarded damages against the Debtor in part for actions of his own (failure to handle properly the Plaintiff's complaints of sexual harassment by another employee) and in part on the basis of strict liability for the injurious action of the other employee, the Plaintiff's supervisor Gannon Hurley. A relatively small part of the award (lost wages) is attributable to the Debtor's constructive discharge of the

---

[2] For present purposes, the Court will assume without deciding that the order of the MCAD, an administrative agency, has the same issue preclusive effect as a judgment of a court of law, and that the order is final.

[3] Plaintiff does not contend that the MCAD expressly addressed the elements of § 523(a)(6). Rather, it contends that the MCAD effectively established these elements by the rulings it did make on other issues of law.

3

Plaintiff. The remainder (attorney's fees and damages for emotional distress[4]) is at least partly attributable to the conduct of the employee, and, with respect to this remainder, it is impossible to determine from the MCAD decision how much is attributable to the Debtor's strict liability for the actions of Hurley and how much is attributable to his direct liability for his own actions. The Debtor's strict liability for the injuries caused by Hurley cannot, per se, be said to be for injury that was willful or malicious on the part of the Debtor.[5]

Second, even with respect to that portion of the Debtor's liability that is attributable to the Debtor's own actions, the subjective element of the requirement that the injury be malicious—the requirement of a *knowing* disregard of duty, of an *awareness* that his injurious conduct was wrongful—does not appear to have been determined by the MCAD's decision. The alternate basis of liability required a finding that the Debtor "knew or *should have known* of the harassment and failed to take prompt remedial action." Decision of MCAD Hearing Officer, at p. 18 (emphasis added). The emphasized language shows that it was not necessary to show actual knowledge of the harassment in order to establish liability on this alternate basis. Therefore, the subjective element of malice was not a necessary element of any ruling the MCAD was required to make in support of its final order.

---

[4]The hearing officer also awarded damages of $300 for Hurley's destruction of a chair, but this portion of the award appears to have been unexplainedly omitted from the award as sustained on appeal.

[5]To be clear, the Plaintiff may yet prove that these injuries were willful and malicious on the part of the Debtor. My holding here is only that the MCAD's order imposing liability solely on the basis that Hurley was an employee of the Debtor cannot be deemed to establish that the Debtor intended the harms inflicted by Hurley. The determination of strict liability required only a showing that Hurley was employed by the Debtor as the Plaintiff's supervisor; it required no proof of facts having to do with willfulness and malice. An order in one proceeding can have issue preclusive effect with respect to a finding in another only if the finding was necessary to the order.

4

Here I distinguish the decision of the Bankruptcy Appellate Panel in *Jones v. Svreck (In re Jones)*, 300 B.R. 133, at 140 (1st Cir. BAP. 2003), where the panel, after noting that "there is no malice requirement in the sexual harassment statute," nonetheless held, "malice is inherent in finding that the Appellant was liable for sexual harassment," and "a finding of sexual harassment . . . is equivalent to a finding of malicious and willful injury for dischargeability purposes under § 523(a)(6)." In *Jones*, the defendant himself had committed the harassment at issue. The *Jones* panel itself expressly distinguished another case in which a determination of liability for sexual harassment had been denied preclusive effect in a subsequent dischargeability action because, as here, the defendant there had not been the individual who had engaged in the discriminatory treatment but that individual's supervisor. *Id.* at 138, distinguishing *Hamilton v. Nolan (In re Nolan)*, 220 B.R. 727, 730 (Bankr.D.C. 1998). I therefore do not believe that the *Jones* holding would extend to the facts before me.[6] It is one thing to say that an immediate perpetrator of harassment must, of necessity, have been conscious of the wrongfulness of his or her conduct—this, in essence, is the holding of *Jones*. It is quite another to impute consciousness of wrongdoing to a supervisor whose basis of liability is not direct harassment but failure to take proper corrective action regarding another's conduct. At this level, the considerations are more complex: the supervisor is removed from the immediate harassment in a way that the immediate perpetrator is not, and the supervisor's obligations differ from those of the immediate perpetrator. To be sure, a supervisor is quite capable of (a) being aware of sexual harassment that occurs on his or her watch and (b) knowing and consciously disregarding his or her duty regarding that harassment. But this awareness, knowledge, and conscious disregard are not always or necessarily present in the case of a supervisor. They should not be imputed, without need of

---

[6] In any event, as to facts of the type before presently before this Court, *Jones* is dicta.

5

proof, whenever a supervisor is held liable for sexual harassment. They remain subject to the requirements of proof and a finding of fact.[7]

Moreover, insofar as the MCAD did make findings of fact that bear upon the subjective component of malice, those findings, when construed in the light most favorable to the nonmoving party (as the court must view them on a motion for summary judgment), demonstrate that there exists a genuine issue of material fact as to this subjective component of malice. The MCAD's findings indicate that, at least at times, the Debtor did not seem fully to understand or to be aware of the nature of the problem between the Plaintiff and Hurley, that this problem was more than a personality dispute or a communications problem. In places, the MCAD found not that the Debtor *was* aware of certain material facts about Hurley's treatment of the Plaintiff but that he *should have been* aware of them. The MCAD also reported the Debtor's testimony that, when he called the Plaintiff and Hurley into his office together and told them that one or the other of them had to leave—the event that the MCAD held amounted to a constructive discharge—his intent was to force them to work out their differences. He was frustrated at his inability to resolve what he viewed as a personal dispute. Also, the MCAD expressly found that the Debtor "lacked the necessary understanding of the law" and of his potential liability for Hurley's abusive treatment of the Plaintiff. These findings, if construed in the light most favorable to the Debtor, would support findings in the present proceeding that the Debtor acted without full awareness of the nature of the situation he was addressing (that this was sexual harassment of one of his employees by another), that the Debtor did not understand his

---

[7] See also *In re Mater*, 335 B.R. 264, 268 (Bankr.D.N.H. 2005) (MCAD decision imposing liability for disability discrimination does not give rise to inference of malice where, unlike in *Jones*, facts recited in MCAD decision do not show continuous pattern of discriminatory conduct from which malice could be inferred).

obligations under the law with respect to the Plaintiff's grievance,[8] and that the Debtor was unfamiliar with the policies and strategies with which an employer in his position should properly have addressed Plaintiff's grievance. On such findings, the Court could find that the injury was not malicious on the part of the Debtor.[9] Accordingly, these findings demonstrate the existence of a genuine issue of material fact as to the subjective component of the malice requirement.

For these reasons, Plaintiff's motion for summary judgment must be denied.

## ORDER

For the reasons set forth above, the Court hereby ORDERS that Plaintiff's Motion for Summary Judgment is denied and that the Defendants' Motion to Dismiss is allowed as to Defendant Maria A. Neronha but denied as to Defendant Joseph R. Neronha. The Court will issue a pretrial order and schedule a pretrial conference.

Date: June 30, 2006

Robert Somma
United States Bankruptcy Judge

cc:  Douglas W. McCormac, Esq., for Plaintiff
     Robert Simonian, Esq., for Defendants

---

[8] The Court does not here suggest that knowledge of the law is essential to malice.

[9] The Court is not here finding that the subjective element of malice cannot be shown, only that on motion for summary judgment, where the evidence must be construed in the light most favorable to the nonmoving party, a finding of malice is not compelled.